**NOT FOR PUBLICATION**

APR 05 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EZ MAILING SERVICES, INC., a New Jersey corporation, AKA EZ Worldwide Express, | No. 14-55798 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-09313-CBM-JEM |
| v. | |
| ORACLE TRANSPORTATION SOLUTIONS, INC., a California Corporation, | MEMORANDUM* |
| Defendant, | |
| And | |
| GENCO TRANSPORTATION MANAGEMENT, LLC, a Wisconsin limited liability company, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted March 11, 2016

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

EZ Mailing Services, Inc. ("EZ Mailing") appeals the district court's grant of summary judgment in favor of Genco Transportation ("Genco") for breach of oral contract. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

EZ Mailing failed to present evidence that it entered into an oral agreement with Genco that required Genco to (1) locate a competent carrier, and (2) ensure that the carrier maintained sufficient and applicable cargo insurance. The evidence that EZ Mailing submitted does not prove that such an oral agreement existed. First, the April 2011 emails between EZ Mailing and Genco do not indicate that an oral agreement of any sort was formed between EZ Mailing and Genco. Next, the Load Confirmation and Master Transportation Service Agreement are proof of a contract between Genco and Oracle Transportation Solutions, Inc., not between EZ Mailing and Genco. The statement from Vijay Aggarwal's declaration is too vague to indicate that Genco consented to locating a qualified carrier, or that the carrier would have adequate cargo insurance. Similarly, Sandra Lopez's deposition alludes only to an oral contract about cargo insurance in the amount of $100,000, and not to the specific requirements of finding a competent carrier with sufficient cargo insurance.

For these reasons, the district court properly granted Genco's motion for summary judgment.

**AFFIRMED.**